UNITED STATES v. BERNHARD.

(Circuit Court, S. D. New York. January 22, 1903.)

No. 3,280.

CUSTOMS DUTIES—CLASSIFICATION—COTTON CLOTH—FINISHED ARTICLES.

Held, that the definition of cotton cloth in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 310, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], as being "all woven fabrics of cotton in the piece or otherwise," includes cotton blankets with whipped or hemmed edges and in a finished condition.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,057 (T. D. 23,452), which reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by John Bernhard.

The opinion filed by the Board of General Appraisers reads as follows:

DE VRIES, General Appraiser. The merchandise in this case consists of certain colored blankets or couch covers, wholly of cotton, the edges of which have been whipped, or, as stated in the invoice, hemmed with a red-colored cotton yarn. The merchandise was assessed for duty at the rate of 45 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 322, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], which reads as follows: "322. All manufactures of cotton, not specially provided for in this act, forty-five per centum ad valorem."

It is claimed to be dutiable at the rate of 35 per cent. ad valorem under the provisions of paragraph 306 of said act (30 Stat. 176 [U. S. Comp. St. 1901, p. 1656]), as a countable cotton cloth, colored, valued at over 12½ cents per square yard, which paragraph, in so far as pertinent, reads: "306 Cot.on cloth, * * * exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, counting the warp and filling, * * * if dyed, colored, stained, painted, or printed, and not exceeding four square yards to the pound, three and one-half cents per square yard: * * * Provided. that on all cotton cloth exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, counting the warp and filling, * * * dyed, colored, stained, painted or printed, valued at over twelve and one-half cents per square yard, there shall be levied, collected, and paid a duty of thirty-five per centum ad valorem."

It is stated in the return of the collector that the assessment was made upon authority of G. A. 4,312. This issue and the one presented in that case are entirely different. In that case the merchandise was cotton damask table covers and cotton damask doilies in the condition of finished and completed articles ready for use, assessed as manufactures of cotton under paragraph 322, and claimed to be dutiable under paragraph 321, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], which provides for "cotton table damask."

This Board held the latter language included only piece goods of corresponding description and not finished articles, and pointed out that the words "in the piece or otherwise," contained in the corresponding provision in the Acts of 1890 and 1894, were omitted from the paragraph as it appears in the act of 1897. The Board held that the articles were not dutiable under paragraph 321 as claimed, but nothing further.

In this case the issue is whether the articles the subject of this protest are dutiable under paragraph 322 or under one or the other of the countable clauses of the cotton schedule quoted. It is claimed by the protestant that they are dutiable under the countable clauses as "cotton cloth" perforce the scope of the language of paragraph 310, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], as follows: "310. The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means."

The omission of the words "in the piece or otherwise" from paragraph 321 in the present tariff act, and their inclusion as a part of the definition of "cotton cloth" as defined in paragraph 310, and used in the countable provisions, present for determination a vastly different question of law from that presented in G. A. 4,312, in that the paragraph under which this claim is made is incomparably more comprehensive. The issue here is essentially whether or not these articles are cotton cloth "in the piece or otherwise," within said paragraph 310. If so, they are dutiable as countable cotton cloth; if not, they are dutiable as manufactures of cotton under paragraph 322 as assessed. The differentiating question of fact urged by the government is whether or not the goods by manipulation, addition, and other processes of manufacture have not

been carried beyond the scope of the terms "in the piece or otherwise" so far that in their present condition they are properly described as "manufactures of cotton," partaking more of the nature of separate, distinct, and individual articles of merchandise of a distinct and appropriate name and so recognized and known in the trade. The meaning and latitude of the words "in the piece or otherwise" was considered by the Circuit Court for the Southern District of New York in the case of Stern v. U. S. (C. C.) 123 Fed. 192. The full import of that decision can better be understood by advertence to the exact subject-matter thereof. That was an appeal from G. A. 4,568. It recities: "The protest * * * relates to cotton portières and cotton table covers. * * * The articles in question have been woven with a border and selvedge, and have been cut to size and form of the article as intended for sale and use. * * *" And concludes: "That the articles of cotton such as table covers, portières, curtains, etc., cut to the proper size and form for use as such and so known commercially, whether fringed, trimmed or hemmed, or not so treated, are no longer piece goods but are manufactured articles and are not included in the phrase 'woven fabrics in the piece or otherwise,' as used in paragraph 310; such articles are dutiable as manufactures of cotton not specially provided for, under paragraph 322, and not as cotton cloth." On appeal the court said: "The decision of the Board was evidently predicated upon its conclusions reached in the case of U. S. v. McBratney, since which said decision has been reversed by the Circuit Court and the Circuit Court of Appeals. 105 Fed. 767, 45 C. C. A. 37. In view of the language of said paragraph 310, which is said to include all woven fabrics of cotton in the piece or otherwise, it is clear that these goods are cotton cloth within the meaning of said paragraph and should have been assessed accordingly."

The McBratney case alluded to held that the words "fabrics" and "articles," as used in paragraph 346, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], were interchangeable in meaning. The court reached that conclusion from the peculiar arrangement, contents, and context of the particular paragraph, and did not purport to construe these words as interchangeable in other parts of the tariff act. In the Stern Case quoted, the doctrine of the McBratney Case is applied to and ingrafted upon paragraph 310, the logical result of which is that the word "fabric" as therein used is interpreted to include "articles." The articles the subject of the McBratney decision were doilies and tray cloths. In conformity with and in view of these decisions, acquiesced in by the government, it appears that such articles as colored horse blankets or couch covers composed wholly of cotton, with a whipped or hemmed border, are included within the description "woven fabrics of cotton in the piece or otherwise," as used in paragraph 310 of said act, and are thereby declared to be countable cotton cloth.

We find that the merchandise, the subject of the protest, consists of colored countable cotton blankets, known as "Kaiser" quality in the trade, whipped or stitched around the borders with a cotton thread, and ready for use in the condition imported, and contain over 100 and less than 150 threads per square inch, and are valued at over 12½ cents per square yard, and conclude that they are properly dutiable as countable cotton, and as claimed.

The protest is sustained, and the decision of the collector reversed. Reliquidation will follow.

Charles Duane Baker, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

WHEELER, District Judge. Decision affirmed.